**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Designee LLC, | No. CV-17-02794-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Honda Aircraft Company LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Motion to Dismiss, (Doc. 10), and Plaintiff's Motion to Remand. (Doc. 18.) Both parties have responded, (Docs. 18 & 19), and replied, (Docs. 19 & 22).[1]

## I.    Procedural Background

On July 20, 2017, Designee, LLC ("Plaintiff") filed this contract action in Maricopa County Superior Court, alleging conspiracy, unfair trade practices, unconscionability as to liquidated damages, and failure of fundamental assumptions. (Doc. 1-2.)  Honda Aircraft Company, LLC ("Defendant Honda") and Cutter Aviation Southwest, L.L.C. ("Defendant Cutter") (collectively "Defendants") removed this action to federal court, citing federal question jurisdiction, on August 18, 2017.  (Doc. 1.)  On August 23, 2017, Defendants moved to dismiss.  (Doc. 10.)

On the same day, this Court ordered briefing on the issue of subject-matter

---

[1] This Court retroactively modified the names of docket numbers 18 and 19 to reflect the dispositive dispute surrounding subject-matter jurisdiction.  (Doc. 21.)

jurisdiction. (Doc. 11.) On September 6, 2017, Plaintiff submitted its Response to Motion to Dismiss. (Doc. 18.) On September 13, 2017, Defendants submitted their Joint Reply in Support of Defendants' Motion to Dismiss. (Doc. 19.) On September 28, 2017, the Court retroactively deemed Plaintiff's Response to Motion to Dismiss to also be a motion to remand and deemed Defendants' Reply in Support of the Motion to Dismiss to be a response to the motion to remand. (Doc. 21.) Furthermore, the Court ordered Plaintiff to file a reply in support of its motion to remand, (*id.*), which Plaintiff submitted on September 20, 2017, (Doc. 22.)

## II. Removal Standard

A defendant may, subject to certain restrictions, remove any civil action from a state court to a federal district court that has original subject-matter jurisdiction. 28 U.S.C. § 1441(a) (2012). If the court is without subject-matter jurisdiction, the case must be remanded to state court. § 1447(c); *cf.* § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"). Given the plaintiff's initial choice of forum and limited federal court jurisdiction, the removing party must overcome the presumption that the federal court is without jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). All ambiguity is interpreted "in favor of remand" to state court. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *accord Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Where a court is satisfied as to its own jurisdiction, however, it has a "'virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (per curiam) (alteration in original) (quoting *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) (internal citation omitted)).

Article III of the United States Constitution sets the outer bounds of federal court subject-matter jurisdiction, U.S. Const. art. III, §§ 1–2, within which Congress provides specific grants of jurisdiction, *Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010). Diversity

jurisdiction, 28 U.S.C. § 1332 (2012), and federal question jurisdiction, § 1331, bear on this case.

## III. Discussion

### A. Diversity Jurisdiction

This Court has subject-matter jurisdiction where the parties are of diverse citizenship and where the alleged amount-in-controversy is over $75,000. § 1332; *cf.* U.S. Const. art. III, § 2. Section 1332 requires complete diversity, meaning that all plaintiffs must be of diverse citizenship from all defendants. § 1332. An individual is a citizen where domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A corporation is a citizen where it is incorporated and where it has its principal place of business. § 1332(c)(1). A corporation's principal place of business is its "nerve center," where it directs corporate activities. *Hertz*, 559 U.S. at 93–95. A limited liability company ("LLC") is a citizen where its members and owners are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The parties are not completely diverse. All parties are LLCs. Plaintiff's sole member is an individual domiciled in California. (Doc. 28.) Defendant Honda's sole member is a corporation incorporated, with its principal place of business, in California. (*Id.*) Defendant Cutter's sole member is a corporation incorporated, with its principal place of business, in Arizona. (*Id.*) Therefore, there is no diversity jurisdiction.

Furthermore, this action would not be removable on diversity grounds, even if there were diversity, because the action was brought in Arizona, where Defendant Cutter is a citizen. *See* § 1441(b)(2) (barring removal on the basis of diversity jurisdiction where any defendant is a citizen of the state where the action was initiated).

### B. Federal Question Jurisdiction

Federal question jurisdiction exists for civil claims "arising under the Constitution, laws, or treaties of the United States." § 1331; *see* U.S. Const. art. III, § 2. Generally, for a claim to "arise under" federal law, it must be apparent from the face of the plaintiff's well-pleaded complaint that a federal element is essential to the plaintiff's cause of

action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Most often, this occurs when a plaintiff states a federal cause of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986). Under this rule, federal question jurisdiction cannot be sustained by a federal element that is raised in anticipation of a defense, *Mottley*, 211 U.S. at 152, asserted in a defense, *id.*, or present in a counterclaim, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A plaintiff's exclusive reliance on state law, however, must be substantively sound, rather than artfully created. Under the artful pleading doctrine, a plaintiff cannot avoid federal jurisdiction by failing to plead a necessary federal element. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998). Thus, a federal court will have federal question jurisdiction where federal law completely preempts state law, *id.*, or where a state law claim satisfies the well-pleaded complaint rule and implicates significant federal issues, *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13 (1983), *superseded by statute on other grounds*, 28 U.S.C. § 1441(e) (2012); *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011).

The parties agree that all of Plaintiff's claims, except for one, are state law claims not arising under federal law. *See* (Docs. 1, 18–19, 22.) The single disputed claim reads: "The contract at issue in this case is in violation of *federal and state* antitrust and unfair trade practices law, which render the contract void." (Doc. 1-2 at 7) (emphasis added). Elsewhere in the Complaint, Plaintiff elaborates that the contract conditions are "illegal restraints of trade whereby" Defendant Honda "proposes illegal tying arrangements, illegal attempts to monopolize, and, contrary to the requirements of Federal Air Regulations and U.S. certification requirements, HondaJet proposes illegally to restrict the dissemination of continued airworthiness documents and other specifications required to maintain the airworthiness of the aircraft." (*Id.*)

Defendants allege that Plaintiff is expressly asserting a federal claim by using the word "federal" in connection with the antitrust and unfair trade practices claims. (Doc. 1 at 2–3; Doc. 19 at 2.) In contrast, Plaintiff avers that the claims reference federal law only to clarify North Carolina statutory law and do not assert independent federal causes of action. (Doc. 18 at 1–2.) Defendants contend that this later disavowal of intent to bring a federal claim cannot be used to interpret the Complaint. (Doc. 19 at 2–3.)

The face of Plaintiff's Complaint does not set forth a federal cause of action.[2] Generally, where there is no underlying federal cause of action, express reference to federal law does not sustain federal question jurisdiction. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996). In *Rains*, the court held that there was no federal question jurisdiction, despite the plaintiff's explicit references to Title VII in connection with his wrongful discharge in violation of public policy and tortious interference with contract claims, because there were no federal causes of action for those

---

[2] This Court need not reach the issue of whether, in evaluating federal question jurisdiction, it can consider a plaintiff's post-complaint disclaimer of intent to bring federal claims. This remains an open question. Many courts do consider these statements. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040, 1046 (9th Cir. 2003) (considering without reconciling with the well-pleaded complaint rule); *Garduno v. Nat'l Bank of Ariz.*, 738 F. Supp. 2d 1004, 1009 (D. Ariz. 2010); *Hanson v. U.S. Air Cargo, LLC*, No. 3:07-cv-353 (JCH), 2008 WL 4722594, at *2 (D. Conn. Oct. 15, 2008); *Christiason v. Merit Tex. Props., L.L.C.*, 393 F. Supp. 2d 435, 437–38 (N.D. Tex. 2005); *Jenkins v. Bd. of Educ.*, No. 03 C 7428, 2004 WL 783355, at *1–2 (N.D. Ill. Jan. 16, 2004); *Hillard v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 169 F. Supp. 2d 416, 418–19 (D. Md. 2001); *see also Zivanic v. Wash. Mut. Bank, F.A.*, No. 10-737 SC, 2010 WL 1875732, at *3 (N.D. Cal. May 7, 2010) (suggesting that it would have allowed the plaintiff to disavow reliance on federal law in a reply brief); *McPhail v. Wal-Mart Stores, Inc.*, No. 03-1010-WEB, 2003 WL 1750886, at *3 (D. Kan. Mar. 27, 2003) (noting that the plaintiff's statements in her reply brief which disavowed reliance on federal law did not conflict with the face of the complaint); *cf. Bell v. Township of Quinton*, No. 14-1789 (NLH/KMW), 2014 WL 7205336, at *2 n.1 (D.N.J. Dec. 17, 2014) (considering the plaintiff's post-complaint admission that the complaint alleged a federal question). Many, however, do not. *See Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003); *Smith v. Newberry Twp. Police Dep't*, No. 1:CV-13-3018, 2014 WL 2471665, at *2 (M.D. Pa. May 30, 2014); *Alpha Fin. Mortg., Inc. v. Baugh*, No. 09-814, 2009 WL 3681858, at *4 n.4 (W.D. Pa. Nov. 3, 2009); *Barash v. Ford Motor Credit Corp.*, No. 06-cv-6497 (JFB) (ARL), 2007 WL 1791656, at *4 n.9 (E.D.N.Y. June 20, 2007); *see also Brant v. Shea Mortg. Inc.*, No. 2:10-cv-00829-KJD-RJJ, 2011 WL 1300360, at *2–3 (D. Nev. Mar. 30, 2011) (acknowledging the plaintiff's subsequent disclaimer, but looking solely to the complaint to find federal question jurisdiction); *Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*, No. C04-01661 WHA, 2004 WL 1888769, at *3–5 (N.D. Cal. July 21, 2004) (disregarding oral argument that conflicted with the face of the complaint).

claims. *Id.* at 343 & n.2.  Similarly, in this case, there is no private right of action under federal unfair trade practices law.  *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *see also* 15 U.S.C. § 45 (2012).  The absence of a private right of action defeats the possibility that Plaintiff is making a federal claim with regard to one of two conjunctive claims.  This uncertainty corrupts the logical structure of the sentence and makes unclear the meaning of the word "federal."  Federal could solely be modifying antitrust, stating a federal cause of action.  Alternatively, federal could be modifying both antitrust and unfair trade practices, suggesting reference to violations of federal law to clarify state law causes of action.  Ambiguity is decided against removal; therefore, Plaintiff has not asserted a federal cause of action.  Furthermore, non-essential references to federal law to interpret state law do not implicate substantial questions of federal law. *Rains*, 80 F.3d at 344.  Finally, Defendants have not alleged, and this Court does not find, that Congress has completely preempted state antitrust and unfair trade practices law.

Therefore, there is no federal question jurisdiction, because Plaintiff's claims do not set forth a federal cause of action, do not implicate substantial questions of federal law, and are not completely preempted.  Because this Court is without subject-matter jurisdiction, it does not reach Defendants' Motion to Dismiss and the case must be remanded to state court.

///

///

///

///

///

///

///

///

///

///

## IV.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Remand, (Doc. 18), is granted; this case is remanded to Maricopa County Superior Court;

**IT IS FURTHER ORDERED** that the Rule 16 scheduling conference set for October 18, 2017, is vacated.

Dated this 16th day of October, 2017.

James A. Teilborg
Senior United States District Judge